UNITED STATES COURT OF APPEALS

**Filed 6/18/96**

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellant,

v.

RICHARD S. GAINER,

      Defendant-Appellee.

No. 95-3394
(D. Kan.)
(D.C. Nos. 95-3088-DES
and 90-40016-DES )

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cri. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The United States appeals an order of the district court granting, under 28 U.S.C. § 2255, Richard Gainer's motion to vacate his conviction. The district court held that a prior administrative forfeiture of Gainer's property, which forfeiture Gainer did not contest, constituted former jeopardy. Thus, according to the district court, the subsequent criminal prosecution and conviction of Gainer based on the same events that led to the forfeiture violated the double jeopardy protections of the Fifth Amendment. Our jurisdiction over this appeal arises under 28 U.S.C. § 1291.

The relevant facts, briefly summarized, are as follows. In June of 1990, police officers arrested Gainer during a drug sting operation. After placing Gainer under arrest, the officers seized $85, 310 in cash from a bag that Gainer was carrying and also seized Gainer's truck. On July 23, 1990, the Drug Enforcement Administration ("DEA") sent Gainer "Notices of Seizure" informing Gainer that the cash and truck were subject to seizure because they had been "used or acquired as a result of a drug-related offense." Although the notice informed Gainer of the method of contesting the administrative seizure, Gainer never filed a claim to the cash or truck. Accordingly, the DEA declared the cash and truck forfeited to the United States. In the meantime, in June of 1990, Gainer was charged with a number of drug crimes related to the drug-sting operation. Gainer pleaded guilty and was eventually sentenced to sixty months imprisonment.[1]

_____

[1]Gainer was originally sentenced to 168 months imprisonment, but that sentenced was reduced as a result of a prior habeas corpus petition.

On March 1, 1995, Gainer filed the instant habeas petition, alleging that the Double Jeopardy Clause barred his criminal conviction after the uncontested administrative forfeiture of the property seized from him during his arrest. Although it acknowledged that it was following the minority approach, the district court agreed that Gainer's sentence violated the Double Jeopardy Clause and, therefore, vacated Gainer's sentence. This appeal ensued.

On appeal, the government contends that the district court must be reversed in light of this court's recent decision in *United States v. German*, 76 F.2d 315 (10th Cir. 1996). In *German*, we specifically rejected the approach adopted by the district court here and held instead that a defendant who never filed a claim in an administrative forfeiture proceeding "was never placed in jeopardy or 'punished' in any constitutional sense because he was never a party to any proceeding designed to adjudicate his personal culpability." *Id.* at 320. Because an uncontested administrative forfeiture does not constitute jeopardy, a subsequent criminal prosecution is not barred by the Double Jeopardy Clause.

In response, Gainer concedes that if *German* "remains the law of this circuit, then Mr. Gainer's favorable decision below must be reversed." He goes on to assert, however, that this panel should overrule *German* because it was wrongly decided. This we cannot do. Even if this panel were inclined to do so, it is clear that one panel of this court cannot overrule the decision of another panel. *United States v. Zapata*, 997 F.2d 751, 759 n.6

(10th Cir. 1993). Instead, "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993), *cert. denied*, 115 S. Ct. 53 (1994).

Because this panel is neither inclined nor entitled to overrule *German*, and because Gainer admits that the district court must be reversed unless we do so, the judgment of the United States District Court for the District of Kansas is hereby **REVERSED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge